IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN BORING | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-1640 |
| | : | |
| RIEDMAN DEVELOPMENT | : | |
| CORPORATION, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                    **July 25, 2025**

Plaintiff Justin Boring moves to remand this case to the Court of Common Pleas of Philadelphia County, alleging Defendant Riedman Development Corporation's removal of the case was procedurally improper. The issue is whether the removal satisfied the "rule of unanimity"—the requirement that when a case is removed solely on the ground that it is within the original jurisdiction of the federal district courts, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Because the Court agrees with Boring that the two other "properly joined and served" Defendants at the time of the removal—Riedman Corporation and Riedman Fairview LLC—did not provide valid consent to the removal, the motion to remand will be granted.

## BACKGROUND

On March 5, 2025, Plaintiff Justin Boring commenced this action by filing a Complaint in the Philadelphia County Court of Common Pleas against Riedman Development Corporation, Riedman Corporation, and Riedman Fairview LLC (collectively, the "Riedman Entities"), as well as various "John Doe" construction manager companies and contractors. Boring seeks damages for personal injuries he suffered while working on a construction project at a new housing development in Erie County, Pennsylvania, for which the Riedman Entities were either the owner or the general contractor.

Later the same month, Riedman Development Corporation ("Removing Defendant") removed the case to this Court based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1. The notice of removal was submitted solely on behalf of Removing Defendant by an attorney appearing only for that Defendant. *See id.* The notice alleges there is complete diversity of citizenship among the parties because Boring is a citizen of Pennsylvania while the Riedman Entities are citizens of New York and/or Delaware.[1] *See id.* ¶¶ 6-9, 11-12, 15-17. It also alleges that given Boring's claimed injuries, the amount in controversy exceeds $75,000. *See id.* ¶ 13. Finally, the notice alleges the three Riedman Entities "consent to the removal of this action." *Id.* ¶ 10.

The notice of removal was accompanied by a certification signed by David Riedman. In the certification, Riedman recites the state of incorporation and principal place of business of each of the three Riedman Entities. Riedman Certification ¶¶ 2-4 (undated), ECF No. 1 at 11-12. He also avers that "Riedman Development Corporation, Riedman Corporation, [and] Riedman Fairview LLC consent to the removal of this action." *Id.* ¶ 5. Although the certification does not identify David Riedman's relationship to or position with the Riedman Entities, a later certification submitted in response to Boring's motion to remand explains he is the Chief Executive Officer of Riedman Development Corporation, the Manager of Riedman Fairview LLC, and the President of

---

[1] Specifically, the notice of removal alleges that Riedman Development Corporation and Riedman Corporation are both incorporated in and have their principal place of business in New York and that Riedman Fairview LLC is incorporated in Delaware and has its principal place of business in New York. Notice of Removal ¶¶ 7-9. Although the Complaint lists the principal place of business of Riedman Development Corporation and Riedman Fairview LLC as Pennsylvania, Compl. ¶¶ 5, 8, Boring does not challenge the assertion in the notice of removal that, in fact, both entities' principal place of business is in New York, or that jurisdiction is proper in this case under 28 U.S.C. § 1332(a).

Riedman Corporation and has at all relevant times been authorized to consent to removal on behalf of the three Riedman Entities. Riedman Certification ¶¶ 2-4, 7, May 12, 2025, ECF No. 11-1.

On April 28, 2025, Boring filed a timely motion to remand the case to state court on the ground that the removal was improper under the rule of unanimity because Riedman Corporation and Riedman Fairview LLC (the "Nonremoving Codefendants") did not join directly in the notice of removal or file separate written consents to the removal. Removing Defendant opposes remand, arguing David Riedman's representation in his certification that all three Riedman Entities consent to removal constitutes written consent from the Nonremoving Codefendants. Alternatively, Removing Defendant argues the certification is sufficient under recent decisions from courts in this district holding a notice of removal attesting to the consent of the other defendants satisfies the rule of unanimity. Boring denies that David Riedman's certification is sufficient.

After the motion to remand was filed, and while the briefing of the motion was ongoing, Boring filed an Amended Complaint, with the consent of the Riedman Entities, for the purpose of adding two Defendants—RWF Fairview LLC and Riedman Construction, LLC.[2] The addition of these parties does not affect diversity jurisdiction as both entities are alleged to be organized under Delaware law with a principal place of business in New York. Am. Compl. ¶¶ 11, 14, ECF No. 13. The following month, on June 24, 2025, Boring and the Riedman Entities filed a stipulation dismissing Boring's claims without prejudice against those entities. ECF No. 16. The stipulation was signed by Riedman Development Corporation's counsel on behalf of all three Riedman Entities and was the first filing on which defense counsel appeared for Defendants Riedman

---

[2] The Amended Complaint was filed pursuant to a May 15, 2025 stipulation between the parties. The stipulation states it was entered into by Boring and the Riedman Entities "by and through their respective undersigned counsel"; however, the signature block lists defense counsel as the attorney for Riedman Development Corporation only. ECF No. 12.

Corporation and Riedman Fairview LLC. A different attorney later entered his appearance for Defendant Riedman Corporation only on July 2, 2025. *See* ECF No. 17.

**DISCUSSION**

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state to federal court if the action is one "of which the district courts of the United States have original jurisdiction." To remove a case, a defendant must file a notice of removal in the appropriate district court within 30 days after being served with the complaint. 28 U.S.C. § 1446(a), (b)(1). When the action "is removed solely under section 1441(a)"—that is, based on original jurisdiction—"all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2).[3] After a case has been removed, the plaintiff may move to remand it based on a procedural defect in the removal so long as the motion is filed within 30 days after the filing of the notice of removal. *Id.* § 1447(c). Failure to comply with the rule of unanimity, is "a 'defect in removal procedure' within the meaning of § 1447(c)." *Balazik*, 44 F.3d at 213.

When a motion to remand is filed, the burden is on the removing defendant "to establish [both] federal jurisdiction[] and compliance with all pertinent procedural requirements." *Beganovic v. Fed. Express Corp.*, No. 24-2853, 2024 WL 4543043, at *2 (E.D. Pa. Oct. 22, 2024) (first alteration in original) (internal quotation marks and citations omitted). "[T]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)

---

[3] The rule of unanimity was codified in § 1446(b)(2) in 2011, but the removal statute had been understood to "require[] unanimity among the defendants" long before the codification. *See, e.g.*, *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) (citing *Chicago, R.I., & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)).

(footnote omitted); *see also Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (noting the "statutory procedures for removal are to be strictly construed").

While the removal statute requires any codefendants who have been properly served[4] to "join in or consent to the removal of the action," 28 U.S.C. § 1446(b)(2), the statute does not specify the manner in which such joinder or consent must be given. Neither the United States Supreme Court nor the Third Circuit Court of Appeals has addressed the issue, *see Siebert v. Norwest Bank Minn.*, 166 F. App'x 603, 607 n.2 (3d Cir. 2006), and those appellate courts that have addressed it are divided. Three circuits have held that each served defendant must consent to the removal in writing. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (holding nonremoving codefendants "must independently express their consent to removal" within the 30-day removal period); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (interpreting "joining" a notice of removal to mean that each codefendant must "support it in writing"), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (clarifying that unanimity requires "some timely filed written indication [of consent] from each served defendant" or its authorized representative). Three others have rejected the view that separate written consent from each codefendant is required, holding "the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal" is sufficient. *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *see also Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (same); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir.

---

[4] Boring maintains all three Riedman Entities have been properly served. Mem. Supp. Mot. Remand, ECF No. 10 at 7-8; *id.* Exs. 2-4, ECF No. 10-1 at 29-36. Although Removing Defendant alleges it had not been served as of March 28, 2025, the date the case was removed, Notice of Removal ¶ 3, ECF No. 1, Removing Defendant does not contend Riedman Corporation and Riedman Fairview LLC were not properly served.

2004) (same), *abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).[5]

In the absence of guidance from the Third Circuit, district courts within the Third Circuit are also divided. Until recently, most district courts (including this one) took a restrictive view, holding that each nonremoving codefendant must provide clear and unambiguous written consent to the removal. *See, e.g.*, *Bricker v. Stryker Co.*, No. 18-672, 2018 WL 10811035, at *1 n.1 (May 14, 2018) (collecting cases). Since 2020, however, courts in this district have adopted a more permissive approach, holding "a single defendant may attest to the consent of all other defendants in a removal petition," that is "signed and certified pursuant to Rule 11." *McCreesh v. City of Phila.*, No. 20-3002, 2020 WL 5017609, at *2-3 (Aug. 25, 2020); *see also Simon v. PetSmart Distrib. Ctr.*, No. 22-3472, 2022 WL 16963249, at *4-5 (E.D. Pa. Nov. 16, 2022) (collecting cases).

The parties disagree as to which standard the Court should apply here, with Boring advocating the restrictive approach and Removing Defendant urging the more permissive approach. The Court need not resolve this dispute, however, as the removal in this case does not satisfy the rule of unanimity under either approach.

The notice of removal avers that the three Riedman Entities "consent to the removal of this action," citing David Riedman's statement to that effect in his certification. Notice of Removal ¶ 10, ECF No. 1. As noted, the certification does not identify Riedman's relationship to or position with any of the Riedman Entities and thus on its face falls short of establishing his authority to

---

[5] The Eighth Circuit has taken a similar approach, holding "a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes the codefendant's consent to removal." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015).

consent to removal on behalf of the Nonremoving Codefendants. *See generally* Riedman Certification (undated), ECF No. 1 at 11-12. This deficiency in the original certification was later corrected in a second certification, in which Riedman clarifies he is the Chief Executive Officer of Riedman Development Corporation, the Manager of Riedman Fairview LLC, and the President of Riedman Corporation and, as such, has at all relevant times been authorized to consent to removal on behalf of all three entities. Riedman Certification ¶¶ 2-4, 7, May 12, 2025, ECF No. 11-1.

Even assuming the Court may consider the second certification, which was filed outside the 30-day removal period,[6] the certifications are nevertheless insufficient to satisfy the rule of unanimity because, as numerous courts have recognized, "a corporate entity 'cannot consent to removal through a non-lawyer representative.'" *Commonwealth Advisors Inc. v. Wells Fargo Bank, N.A.*, No. 15-CV-7834, 2016 WL 3542462, at *3 (S.D.N.Y. June 23, 2016) (quoting *City of Cleveland v. Deutsche Bank Tr. Co.*, 571 F. Supp. 2d 807, 816-18 (N.D. Ohio 2008)) (collecting cases). This result follows from the well-established rule that a corporate entity "may appear in the federal courts only through licensed counsel." *United States v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1996) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966) (per curiam) (holding that a corporation must act through an agent who is an attorney of law). "Consistent with this settled caselaw . . . a non-lawyer cannot remove or consent to removal [of a case to federal court] on behalf of a corporation." *Cluck-U Corp. v. Docson Consulting, LLC*, No. 1:11-CV-1295, 2011 WL

---

[6] *Cf. Strauss v. Ghuman Truck Serv., Inc.*, No. 15-0900, 2015 WL 1822576, at *4 (E.D. Pa. Apr. 22, 2015) ("[I]t is well-settled that in evaluating the propriety of removal, a court is permitted to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where those facts clarify or correct technical deficiencies in the allegations contained in the original notice.").

4073129, at *3 (M.D. Pa. Aug. 30, 2011) (alteration in original) (internal quotation marks and citation omitted), *report & recommendation adopted by* 2011 WL 4072987 (M.D. Pa. Sept. 13, 2011).

In light of this authority, the Court concludes David Riedman's consent to removal on behalf of Riedman Corporation and Riedman Fairview LLC was ineffective and the removal does not satisfy the rule of unanimity. Although Riedman may have authority to act on behalf of these entities by virtue of his position with each, a corporate entity can consent to removal only through counsel. At the time of the removal, however, counsel had appeared only for Removing Defendant. *See* ECF No. 7 at 2 (state court docket entry no. 5 showing notice of appearance on behalf of Removing Defendant only), 37-83 (preliminary objections filed by counsel for Removing Defendant), 86-128 (notice of removal). And while the Nonremoving Codefendants were ultimately represented by that same attorney, counsel did not appear for those Defendants until briefing of the motion to remand was complete (or substantially complete).[7] There is nothing in the record to suggest Riedman Corporation and Riedman Fairview LLC were represented by counsel when David Riedman certified that all three Rieman Entities consented to the removal. Moreover, the notice of removal and certifications submitted in support thereof do not reflect any attorney involvement on behalf of the Nonremoving Codefendants. *Cf. McCreesh*, 2020 WL 5017609, at *1 (finding the rule of unanimity satisfied based on counsel's statement in the notice

---

[7] On May 16, 2025, after Riedman Development Corporation filed its opposition to the motion to remand, the parties filed a stipulation consenting to the filing of an Amended Complaint. ECF No. 12. The stipulation recited that it was agreed to by "Plaintiff, Justin Boring . . . , and Defendants, Riedman Corporation, Riedman Fairview, LLC, d/b/a The Hammocks at Fairview, LLC, and Riedman Development Corporation . . . , *by and through their respective undersigned counsel*," but the signature block listed defense counsel as "Attorneys for Riedman Development Corporation" only. *Id.* (emphasis added). A later stipulation, filed on June 24, 2025, was the first paper filed on which defense counsel was listed as counsel for all three Riedman Entities. ECF No. 16.

of removal that "counsel for all Defendants have consented to removal and no other Defendants have been served for whom consent to removal would be required"). In these circumstances, the certification is insufficient to satisfy the rule of unanimity. *See Polston v. Millennium Outdoors, LLC*, No. 6:16-CV-16-KKC, 2017 WL 878230, at *4-5 (E.D. Ky. Mar. 6, 2017) (holding the "vouching" rule under which one defendant may represent that a codefendant consents to removal nevertheless "requires the consent of an attorney if the party seeking to consent is a corporate entity"); *Commonwealth Advisors Inc.*, 2016 WL 3542462, at *2-3 (holding a declaration of consent to removal signed by a non-attorney director of a defendant company who stated he had authority to consent on behalf of the company was inoperative because the director was not an attorney).

Because Riedman Corporation and Riedman Fairview LLCs did not provide proper consent to removal, motion to remand will be granted. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.